UNITED STATES of America, Plaintiff,

v.

Adrian AGOSTINI, Defendant.

No. S1700CR237(VM).

United States District Court, S.D. New York.

Sept. 8, 2003.

---

Bruce McIntyre, McIntyre & Pope, New York City, for Adrian Agostini.

Aitan D. Goelman, Assist. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for U.S.

## DECISION AND ORDER

MARRERO, District Judge.

In two separate letters to the Court, both dated August 30, 2003, the Government submitted two separate motions in limine to limit the scope of cross-examination of Paul Crowder ("Crowder"), the victim of an alleged assault by defendant Adrian Agostini ("Agostini") that is at issue in this case, regarding Crowder's (1) two recent arrests (the "Arrests") and (2) 1997 conviction for criminal possession of a weapon (the "Conviction"). The Court requested that Agostini respond before the beginning of his trial in this matter (the "Trial"), scheduled to start on Monday, September 8, 2003. Because the Court has not yet heard from Agostini as of the close of business on Friday, September 5, 2003, the Court proceeds to issue its ruling on the matter.

The Second Circuit has made clear that a "trial court has wide discretion to impose limitations on the cross-examination of witnesses." *U.S. v. Flaharty*, 295 F.3d 182, 190 (2d Cir.2002); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination [of witnesses] based on concerns about, among other things, ... prejudice....."). More specifically, under Federal Rule of Evidence 608(b), the district court may restrict cross-examination about certain instances of prior conduct if it finds that the conduct is not probative of truthfulness. *See* Fed.R.Evid. 608(b). Moreover, under Rule 403, the district court may exclude even relevant evidence if it finds that the "probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

Evidence of Crowder's prior criminal record and recent arrests has the potential for substantial prejudice. It may be viewed as reflecting poorly on Crowder's character and influence the jury to a point of distraction from the matter about which he is called on to testify. While such evidence has no probative value or purpose to the issues at trial, it may be relevant and admissible if it would help the jury assess Crowder's truthfulness. However, in the instant case, neither the Arrests nor the Conviction can be viewed as sufficiently probative of Crowder's veracity. The Arrests were made in connection with a criminal complaint filed by Crowder's ex-girlfriend, and led Crowder to be charged with misdemeanor assault, misdemeanor menacing, misdemeanor aggravated harassment, and two counts of the lesser offense of harassment, a violation. Although these charges do not necessarily reflect well on Crowder, they do not involve instances of dishonesty or making false statements that would bear much more directly upon Crowder's credibility as a witness. Instead, they are crimes of violence, and the Second Circuit has already found that far more heinous crimes of violence committed by a witness can be precluded from cross-examination because such crimes have little bearing on a wit-

ness's credibility. *See Flaharty*, 295 F.3d at 190–91 (finding that a witness's involvement in a murder can be precluded from cross-examination because "[m]urder generally is not a crime of dishonesty, and nothing about the ... murder suggested that it would in any way reflect on [the witness's] truthfulness.").

In addition to the Second Circuit's inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity, the Court notes that the Arrests are at this stage merely allegations, and have not yet been proven by New York State. Hence, it would be improper to introduce evidence of such Arrests—the discussion of which could inflame the jury against Crowder due to the violent nature of the alleged crimes and the sensitive issue of domestic violence—when Crowder might eventually be acquitted of such charges.

The Conviction, which involved criminal possession of a weapon, has even less probative value to evaluating Crowder's veracity. Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness Crowder would be. *See United States v. Rosales*, 680 F.2d 1304, 1306–07 (10th Cir.1981) (noting that illegal possession of a firearm is "not normally suggest[ive of] the special probative value on the issue of credibility contemplated by Fed.R.Evid. 609(a)(1)"). Instead, knowledge of the Conviction could potentially prejudice the jurors against Crowder, causing them to evaluate his worth as a witness based on his status as a convicted felon regardless of the actual relevance of the Conviction. *Cf. Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y.1993) ("[W]here the jury knows that a witness is a convicted felon, admission of prior crimes may

cause relatively little additional prejudice.").

The Conviction may even serve to distract the jury from the crime charged against Agostini and instead focus on whether Crowder, as a convicted felon, "deserved" to be assaulted by Agostini. Such consideration by the jury would be inappropriate in the absence of any claim by Agostini of self-defense. The Court therefore concludes that testimony concerning the Conviction, as well as the Arrests, shall be precluded from discussion during cross-examination of Crowder.

Accordingly, it is hereby

**ORDERED** that the scope of cross-examination of Paul Crowder during the trial of Adrian Agostini, docket number 00 Cr. 237, shall preclude testimony regarding Mr. Crowder's two recent arrests and his 1997 conviction for criminal possession of a weapon.

**SO ORDERED.**