UNITED STATES of America,

v.

**Juan CALDERON–URBINA and Jose Luis Martinez–Munoz, Defendants.**

No. 09 Cr. 0589(VM).

United States District Court, S.D. New York.

Dec. 14, 2010.

Amie Nicole Ely, U.S. Attorney's Office, New York, NY, for Plaintiff.

Donald Joseph Yannella, III, Donald Yannella P.C., Kenneth Alan Paul, Law Office of Kenneth A. Paul, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Court has received motions in limine from the Government (the "Government's Motions") dated November 26, 2010. The Government's Motions request that the Court:

(1) permit the Government to elicit statements made by defendant Juan Calderon–Urbina ("Calderon–Urbina") during a July 14, 2009 proffer session (the "Proffer Statements") to rebut any arguments made in his defense, and to use the Proffer Statements to cross-examine Calderon–Urbina if he testifies; and

(2) prohibit defendants Calderon–Urbina and Jose Luis Martinez–Munoz (the "Defendants") from cross-examining the Government's confidential informant (the "CI") about two arrests and one conviction.

The Court has also received a submission from Calderon–Urbina dated December 8, 2010 opposing only the Government's second request. For the reasons set forth below, the Court GRANTS the Government's Motions.

### I. STATEMENTS MADE BY CALDERON–URBINA

The Government seeks to offer the Proffer Statements to rebut arguments made in Calderon–Urbina's defense, and to cross-examine Calderon–Urbina using the Proffer Statements should he testify. Defendants do not oppose this request. Accordingly, the Court holds that the definition of "rebuttal" requested by the Government is appropriate. Therefore, the Government's Motion to use the Proffer Statements to cross-examine Calderon–Urbina or to rebut evidence or arguments offered on his behalf is GRANTED.

### II. CROSS–EXAMINATION OF THE CONFIDENTIAL INFORMANT

The Government plans to call as a witness the CI, who is a paid informant, and moves to preclude the defense from cross-examining him regarding three arrests:

(1) a 1989 arrest for petit larceny (the "Petit Larceny Arrest"), for which the charges were dismissed;

(2) a 1997 arrest which led to a 1998 conviction for attempted assault in the third degree (the "Attempted Assault Conviction") and for which the CI was sentenced to one year of probation; and

(3) a 2001 arrest for rape in the first degree and sodomy (the "Rape and Sodomy Arrest"), for which the charges were also dismissed.

The Government does not seek to limit cross-examination regarding the CI's fourth and last known arrest in connection

with a federal narcotics case, after which he began to cooperate with the Government. Calderon–Urbina requests, in response, that the Government provide documents that contain a factual narration of each of the three arrests, and that it allow cross-examination of the CI about these incidents.

The Second Circuit has made clear that a "trial court has wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir.2002). For the reasons stated below, the Court GRANTS the Government's requests.

### A. THE 1989 PETIT LARCENY ARREST

The Government argues that Defendants should not be able to cross-examine the CI about the Petit Larceny Arrest, as Rule 608(b) of the Federal Rules of Evidence ("Rule 608(b)") bars introduction of specific instances of conduct of a witness for the purpose of attacking or supporting that witness's character for truthfulness, with the exception of criminal convictions. Fed.R.Evid. 608(b). Under Rule 608(b), these specific instances may, however, be inquired into on cross-examination if they are probative of truthfulness or untruthfulness; the Government argues this is not such an instance. Additionally, the Government asserts that the Court should preclude cross-examination of the CI under Rule 403 of the Federal Rules of Evidence ("Rule 403"), which allows a district court to exclude relevant evidence if it finds that the "probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Lastly, the Government states that bad acts that occurred many years ago are less probative than those that occurred more recently. *See Bachir v. Transoceanic Cable Ship Co.*, 98 Civ. 4625, 2002 WL 413918, at *10 (S.D.N.Y. Mar. 15, 2002) (holding that "acts committed twenty years ago are too remote" to be sufficiently probative for admission as evidence).

Calderon–Urbina responds that petit larceny is a criminal act that involves dishonesty, and therefore that an instance of petit larceny is probative of veracity under Rule 608(b). Additionally, Calderon–Urbina argues that even though the CI's arrest for petit larceny occurred in 1989, the Court should view it as one of a string of arrests that ended much more recently. Lastly, Calderon–Urbina asserts that because the CI was granted an adjournment in contemplation of dismissal prior to the actual dismissal of the charges, the Court should allow cross-examination about this arrest.

■■■■■ "[T]heft crimes, and other crimes involving stealth ... bear on a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir.2005); *see Williams v. McCarthy*, 05 Civ. 10230, 2007 WL 3125314, at *2 (S.D.N.Y. Oct. 25, 2007); *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 01 Civ. 3796, 2005 WL 1026515, at *8–9 (S.D.N.Y. May 2, 2005). Petit larceny is a theft crime, and therefore the Court finds that evidence of this crime bears upon the CI's veracity. *See Estrada*, 430 F.3d at 621. The Court also finds that testimony about the Petit Larceny Arrest would not be more prejudicial than probative under Rule 403. *See* Fed. R.Evid. 403. However, because the Petit Larceny Arrest occurred twenty-one years ago, the Court finds that it is too remote in time to be probative in this case. *See Bachir*, 2002 WL 413918, at *10. The Court is not persuaded by Calderon–Urbi-

na's argument that it should allow cross-examination on the Petit Larceny Arrest because the CI was granted an adjournment in contemplation of dismissal prior to the actual dismissal of the charges. Therefore, the Court GRANTS the Government's request to prohibit cross-examination of the CI about the Petit Larceny Arrest.

## B. *THE 1997 ATTEMPTED ASSAULT CONVICTION*

The Government argues that the Court should prohibit cross-examination of the CI about the Attempted Assault Conviction. While Rule 609(a)(1) of the Federal Rules of Evidence ("Rule 609(a)(1)") provides that "evidence that a witness other than an accused has been convicted of a crime shall be admitted," Rule 609(b) of the Federal Rules of Evidence ("Rule 609(b)") limits that general principle, stating that "[e]vidence of a conviction under this [R]ule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Fed.R.Evid. 609(a)(1) and (b).

Calderon–Urbina admits that the Attempted Assault Conviction is time-barred, but he argues that the Court should admit the Attempted Assault Conviction under Rule 609(b), which additionally provides that a court may admit a time-barred conviction if it "determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).

[3] The Court finds that any cross-examination about the Attempted Assault Conviction is prohibited by Rule 609(b)'s ten-year limitation of Rule 609(b) because the Conviction occurred twelve years ago and did not result in confinement. *See id.*

The Court further finds that the Attempted Assault Conviction would not be more probative than prejudicial, especially as it is not relevant as to the CI's veracity. *See id.* Thus, the Government's request to preclude cross-examination about this conviction is GRANTED.

## C. *THE 2001 SODOMY AND RAPE ARREST*

The Government claims that the Court should prohibit cross-examination of the CI about the Sodomy and Rape Arrest because the Second Circuit has repeatedly affirmed rulings by trial courts to preclude cross-examination regarding witnesses' prior arrests and convictions for crimes of violence, finding that evidence of such acts is not probative of dishonesty. *See, e.g., Flaharty,* 295 F.3d at 191 (holding that evidence that a witness committed murder did not reflect on that witness's truthfulness, especially considering that in this case the Government would have the opportunity to cross-examine the witness using other evidence that was more probative of dishonesty); *United States v. Salameh,* 152 F.3d 88, 131 (2d Cir.1998) (finding that convictions for assault, robbery, and sodomy are not probative of truthfulness or untruthfulness); *United States v. Rosa,* 11 F.3d 315, 336 (2d Cir.1993) ("[It is not] an abuse of discretion to exclude evidence of certain types of acts such as rape and burglary as having an insufficient bearing on the witness's credibility."); *United States v. Rabinowitz,* 578 F.2d 910, 912 (2d Cir.1978) (excluding evidence of prior unlawful sex acts); *United States v. Hawley,* 554 F.2d 50, 53 n. 7 (2d Cir.1977) (excluding evidence of prior attempted burglary); *see also United States v. Agostini,* 280 F.Supp.2d 260, 262 (S.D.N.Y.2003) (noting "the Second Circuit's inclination to preclude the discussion of a witness's prior

commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity"). Additionally, the Government contends that cross-examination of a witness regarding a prior rape arrest is "prejudicial and inflammatory." *Hogan v. West,* 448 F.Supp.2d 496, 511 (W.D.N.Y.2006).

Calderon–Urbina argues that more information is necessary to determine whether the incident leading to the Rape and Sodomy Arrest is probative of veracity under Rule 608(b), and that the Court should require the Government to supply this additional information.

■ The Court finds that evidence of an incident of sodomy and rape is not probative of veracity, that additional information regarding the details of such an incident is unnecessary, and that evidence of the fourth, narcotics-related arrest is sufficient for cross-examination to test the CI's credibility or to show bias. *See Flaharty,* 295 F.3d at 191. Additionally, the Court finds that evidence of such sex crimes is likely to be more prejudicial than probative, as well as inflammatory. *See id.;* Fed.R.Evid. 403. Thus, the Court GRANTS the Government's request to exclude this arrest from the cross-examination of the CI.

**SO ORDERED.**