Fenton v. Bernstein, No. S0814-10 CnC (Crawford, J., Aug. 31, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No.: S0814-10 CnC |

TIFFANY FENTON and
DONALD FENTON
      Plaintiffs

v.

IRA M. BERNSTEIN, M.D., CATHLEEN
M. HARRIS, M.D., MARJORIE C.
MEYER, M.D., CHRISTOPHER M.
SULLIVAN, M.D., and FLETCHER ALLEN
HEALTH CARE, INC.
      Defendants

## DECISION ON PLAINTIFFS' MOTION IN LIMINE REGARDING EVIDENCE OF CHARACTER AND CONDUCT OF DR. DAVE DAVID

This is a medical malpractice case in which plaintiffs intend to call Dr. Dave David as an expert witness. The trial is set to begin next week. On August 23, 2012, plaintiffs learned that Dr. David was recently arrested on charges including rape stemming from an incident in 2010. Dr. David has apparently pleaded not guilty to the charges, but the criminal case has not yet been adjudicated.

Plaintiffs have filed a motion in limine requesting that the court prevent defendants from making any reference to Dr. David's arrest or the pending charges against him. Plaintiffs maintain that Dr. David's arrest and the charges against him are not relevant under V.R.E. 402, and that any possible probative value is substantially outweighed by the danger of unfair prejudice under V.R.E. 403. Plaintiffs also maintain that the evidence of Dr. David's arrest and the charges against him do not bear on his credibility under V.R.E. 608. Defendants oppose the motion.

The evidence of Dr. David's arrest and the charges against him is offered only on the issue of credibility. Rule 608 governs whether the evidence is admissible for this purpose. The Rule provides, in pertinent part, as follows:

> **(a) Opinion and Reputation Evidence of Character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character

is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

**(b) Specific Instances of Conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

V.R.E. 608. Here, both parties refer to Rule 608(a). Defendants say that the Rule permits them to ask questions directed to Dr. David's character—and, specifically, questions about the charges against him. This position confuses Rule 608(a) with Rule 608(b). A party cannot clothe evidence of specific instances of conduct as opinion or reputation evidence. The evidence at issue is not testimony amounting to someone's opinion about Dr. David's character for truthfulness or untruthfulness, nor is it evidence about his reputation on that topic. Rule 608(a) does not apply in this instance.

The arrest and the charges concern specific instances of conduct, implicating Rule 608(b). Since there has been no conviction of any crime, Rule 608(b)'s general rule is that specific instances of conduct, for the purpose of attacking Dr. David's credibility, may not be proved by extrinsic evidence. The exception is that the court has discretion to permit inquiries about specific instances of conduct concerning the witness's character for truthfulness or untruthfulness on cross-examination if probative of that issue.

Plaintiffs cite *United States v. Calderon-Urbina*, 756 F. Supp.2d 566 (S.D.N.Y. 2010) in the course of arguing that the alleged specific instance of conduct in this case is not probative of truthfulness or untruthfulness. In that case, the court concluded that "evidence of an incident of sodomy and rape is not probative of veracity" and that "evidence of such sex crimes is likely to be more prejudicial than probative, as well as inflammatory." 756 F. Supp.2d at 570. Indeed, other courts have held that even a *conviction* for rape is "not highly probative of credibility." *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985). If a conviction is not probative, then a mere arrest and charges cannot be, either. See *State v. Hodgdon*, 89 Vt. 148, 150 (1915) ("It is a conviction of a witness for a crime, and not an arrest, which the court, in the exercise of a reasonable and sound discretion, may ordinarily permit to be shown by way of cross-examination for the purpose of showing to the jury the sort of man the witness is.")

Defendants have not attempted to distinguish *Calderon-Urbina*, and have not cited any cases in support of their position that the charges are probative of Dr. David's truthfulness. Their argument that the arrest and charges of rape are probative of Dr. David's truthfulness is not

persuasive. And although it is sometimes necessary to wait until hearing some of the evidence before conducting any Rule 403 balancing, the circumstances of this case demonstrate that even if there were any probative value to the inquiry, it would be substantially outweighed by the danger of unfair prejudice. See *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y 1996) (concluding that defendants, who were charged with money-laundering, could not inquiry into a government witness's sexual deviance "because whatever probative value it may have had would have been substantially outweighed by its prejudicial effect. Upon review of the record, I find that this was the correct ruling.").

Defendants also argue, however, that Dr. David made inconsistent statements to police and to plaintiffs' counsel about the circumstances of the 2010 incident underlying the charges currently pending against him. Specifically, defendants say that Dr. David told police and plaintiffs' counsel that the rape allegation comes from a disgruntled former girlfriend, but that the prosecution's statement of the case shows that he had only just met her online prior to inviting her to his home. The apparently inconsistent statements, even if they did have some probative value, are impossible to present without broaching the topic of the rape charges, which for the reasons described above would be prejudicial.

Defendants' final argument is that rape is such a heinous crime that it goes to the heart of whether the perpetrator answers to any moral code, and therefore bears on his truthfulness. This argument only serves to highlight the prejudice issue that discussion of the charges would inject. Defendants' position would ask the jury to make numerous impermissible leaps—concluding that because he is charged with rape he is guilty of rape, and then concluding that as a result he cannot be trusted for anything. Moreover, defendants have not cited any case holding that some violent crimes are so serious that they necessarily bear on truthfulness. The cases cited above reject that proposition.

<u>ORDER</u>

Plaintiffs; motion in limine is granted. Defendants shall make no reference at trial to Dr. David's arrest and charges stemming from the 2010 incident or to the underlying incident itself.

Dated at Burlington this 31st day of August 2012.

_____
Geoffrey W. Crawford
Superior Court Judge

3